UNITED STATES COURT OF APPEALS
OF SEVENTH CIRCUIT

SAJJAD NASIR,

Plaintiff,

v.

CHINA UNICOM et al.,

Defendants.

CASE NO. 26-2446

District Court CASE NO. 3:26-cv-00606-wmc

District Court :Western District of Wisconsin

District Court Judge : William M. Conley

Date Filed: 06/30/2026

Date Terminated: 07/09/2026

Appeal On Docket Number : 7 & 16

Appellent's Complaint Docket Number : 9

Docketing Statement

**I. Docketing Statement**

This appeal concerns the two orders (Docket # 16) on 07/09/2026 by the Western District of Wisconsin order *"the amended complaint filed by plaintiff Sajjad Nasir (dkt. # 9 ) is DISMISSED without prejudice. The clerk of court is directed to enter judgment and close this case"* and second order (Docket # 7) on 07/02/2026 which is text only order *"The court is currently reviewing this case for potential jurisdictional issues. The clerk of court is directed not to issue summons until this court enters an order confirming that subject matter jurisdiction exists. If summonses are issued, plaintiff's deadline for service will be extended accordingly. See Administrative Order 421.* Signed by District Judge William M. Conley on 7/2/2026. (jef),(ps) (Entered: 07/02/2026).

Docketing Statement- 1

The order (Docket #7) was issued on 07/02/2026 in response to Docket #1 (plaintiff's complaint filed on 07/02/2026 following plaintiff's complaint (Case No. 2:26-cv-01853-LK) in the United States District Court for the Western District of Washington at Seattle, which dismissed the complaint for "*failing to state a claim, the complaint fails to allege that venue is proper in this district or that the Court has personal jurisdiction over any of the Defendants*" while also granting a misleading leave to amend) and Dockets #2 through #6 (issuance of summons and authorization for service for pro se plaintiff as per federal rules for service to foreign countries under the Hague Convention to the central authorities: the Chief Secretary Administration of the Government of Hong Kong SAR, China; the Office of the Attorney General of the Commonwealth of Australia; and the United States Marshals Service, for service upon Defendants against Australian Superannuation Fund, China Unicom, Equinix Inc., GIO Insurance, and National Australia Bank

The order (Docket #16) issued 07/09/2026 on plaintiff's Amended Complaint (Docket #9) filed 07/07/2026 reads: "*ORDER that the amended complaint filed by plaintiff Sajjad Nasir (dkt. # 9 ) is DISMISSED without prejudice. The clerk is directed to enter judgment and close this case*" Signed by Judge William M. Conley on 7/9/2026. Defendants were represented by the Communist Government of China and the Australian Attorney General's Office, albeit discreetly, as the process followed these courts' typical path: plaintiffs threatened, processes sabotaged, misrepresentation and misleading occur, influence exerted, false charges through local police, unlawful arrest to blackmail and force withdrawal, parties demonized, and judicial process weaponized against parties. This caused plaintiff to file transfer and recusal motions (Dockets #8-#15), denied as moot (Docket #16: "*Plaintiff's motions to transfer venue (dkts. ## 10 - 14 ) and recusal (dkt. # 15 ) are DENIED AS MOOT*") or never considered. Docket #17 ("*JUDGMENT entered in favor of defendants dismissing this case without prejudice*") is a textbook example where the Communist Government of China and Commonwealth of Australia abused the court process on a weaker party.